IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA P. HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:10-cv00355 |
| | ) | |
| v. | ) | JUDGE NIXON |
| | ) | |
| FIBERWEB, INC., | ) | MAGISTRATE JUDGE GRIFFIN |
| | ) | |
| Defendant. | ) | |
| | ) | |

[Proposed] CASE MANAGEMENT CONFERENCE ORDER

I. **JURISDICTION AND VENUE.**

Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

This is an action for monetary damages filed under the Americans With Disabilities Act ("the ADA"), codified at 42 U.S.C. § 12101, *et seq*. In addition, there is a state law claim for wrongful termination under the Court's supplemental jurisdiction at 28 U.S.C. § 1367.

Venue is proper inasmuch as the facts that are alleged in the Complaint all occurred in the Middle District of Tennessee.

II. **THE PARTIES THEORIES OF THE CASE.**

A. **Plaintiff's Theory of the Case:**

Plaintiff Christina Hood ("Plaintiff") started employment with Defendant Fiberweb, Inc. ("Defendant") as a production operator on September 2, 2007. Defendant made Plaintiff a full-time employee on March 14, 2008. Defendant had an attendance policy which states it will terminate any employee who compiles a total of eight (8) points within a 12 month period.

1

On multiple occasions between February and May 2008, Plaintiff had to miss time from work due to unexpected and severe medical conditions, including surgery for skin cancer at Vanderbilt University Medical Center. The Defendant assigned Plaintiff points as a result of these absences, even though the absences were either pre-approved under the company's short-term disability program, or otherwise considered a qualified disability under the ADA. Upon information and belief, there were other similarly-situated employees who were absent from work, yet did not receive attendance points. It is the theory of the Plaintiff that some of the points assigned to her by the Defendant were as a result of a disability as defined the ADA.

On August 22, 2008, Plaintiff went to Davidson County General Sessions Court on behalf of her two (2) sons. Plaintiff appeared before Judge Gayle Robinson. As a result of the court action, Plaintiff was subpoenaed to stay in court on behalf of her sons who were dealing with a probation violation. Plaintiff was to report to work that afternoon at 4:00 p.m. That day, Plaintiff called the Defendant's "emergency line" and spoke to a supervisor. Plaintiff explained about the subpoena, and the supervisor told her she would not be counted absent if she had a subpoena. Plaintiff did not get home from court until approximately 6:30 p.m.

Plaintiff later that evening contacted her supervisor, Jimmy Dias, and explained she had a court subpoena. Dias told Plaintiff he already knew about the subpoena, but that he was "going to give [her] a point anyway." Dias then told the Plaintiff that if she brought in the subpoena that he would not issue her a point. Plaintiff brought the subpoena with her on the next scheduled work day (August 25, 2008). Plaintiff was later terminated that same day for violation of the company's attendance policy.

Plaintiff believes the termination based on the accumulation of points under the Defendant's

2

no-fault attendance policy violates the ADA, and the common law of the State of Tennessee.

### B. Defendant's Theory of the Case:

Defendant, Fiberweb, Inc. ("Defendant") denies that it discriminated against the Plaintiff on the basis of a purported disability or that it discharged her in violation of Tennessee public policy. Rather, Defendant terminated Plaintiff's employment for violation of Defendant's no-fault attendance policy.

Defendant denies that Plaintiff is a qualified individual with a disability for purposes of the Americans with Disabilities Act ("ADA"), because the short-term condition(s) she suffered while employed at Defendant are insufficient to invoke the protections of the ADA. Moreover, Plaintiff never requested an accommodation to Defendant's attendance policy on account of her alleged disability.

Defendant denies that Plaintiff was discharged for honoring a lawful subpoena. Rather, honoring the purported subpoena did not interfere with Plaintiff's second shift work schedule. The court proceedings in question concluded several hours prior to Plaintiff's work shift. Moreover, Plaintiff did not call her supervisor (which was required because of her attendance problems) until after her shift began. Plaintiff was specifically informed that if she reported for the second half of her work shift, her absence would be excused. Plaintiff refused to report to work as requested and she received a final occurrence under the no-fault attendance policy.

Defendant asserts that Plaintiff claims are barred by the doctrine of unclean hands and by judicial estoppel. Without admitting that Plaintiff is entitled to any damages, Defendant asserts that Plaintiff has failed to mitigate her damages, that any claim for damages under the ADA is barred by 42 U.S.C. Section 1981a(a)(3), and that any compensatory or punitive damages under

3

the ADA are capped by 42 U.S.C. Section 1981a(b)(3).

III. **SCHEDULE OF PRETRIAL PROCEEDINGS.**

    A. **Rule 26(a)(1) Disclosures by the Parties:**

The Parties shall make their respective Rule 26(a)(1) by Tuesday, June 15, 2010.

    B. **Identification of the Issues:**

1. Whether Plaintiff was terminated in violation of the ADA based in part on the Defendant's No-Fault Attendance Policy?

2. Whether Plaintiff was terminated in violation of the common law of the State of Tennessee?

3. If there was a violation of either federal or state law, what are the measure of damages?

    C. **Other Pretrial Discovery Matters:**

    1. **Target Trial Date.**

The parties request a trial date in August or September 2011. The case is set for a jury trial and the parties expect it to last 3 days.

    2. **Deadline for Discovery.**

All discovery shall be completed by the close of business on Friday, November 19, 2010. Prior to the filing of any discovery-related motion, the parties shall schedule and conduct a telephone conference with the Magistrate Judge in a good-faith effort to resolve the dispute. There shall be no stay of discovery pending disposition of any motions.

    3. **Dispositive Motions.**

All dispositive motions shall be filed by the close of business on Monday, December 20,

2010. A Response shall be filed by the close of business on Thursday, January 20, 2011, or thirty-one (31) ~~(30)~~ days after the dispositive motion is served on the opposing party. Any Reply shall be filed by the close of business on Thursday, February 3, 2011, or fourteen (14) days after the Response is served.

4. **Motions to Amend.**

While the parties at this time to not anticipate any further motions to amend, a deadline for any such motion to amend the pleadings or join parties shall be filed by the close of business on Friday, June 18, 2010.

5. **Plaintiff's Rule 26 Expert Report.**

By the close of business on Monday, August 16, 2010, the Plaintiff shall declare to the Defendant (<u>not</u> to file with the Court) the identity of his expert witnesses (if any), and provide all the information specified in Rule 26(a)(2)(B).

6. **Defendant's Rule 26 Expert Report.**

By the close of business on Thursday, September 16, 2010, the Defendant shall declare to the Plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses (if any), and provide all the information specified in Rule 26(a)(2)(B).

It is so **ORDERED**.

**ENTERED** this the _____ day of May, 2010.

                                                                                            _____
                                                                                            JULIET GRIFFIN
                                                                                            United States Magistrate Judge

**APPROVED FOR ENTRY:**

**THE LAW OFFICE OF DAVID L. COOPER, P.C.**

  s/ David L. Cooper
**DAVID L. COOPER**

Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008

Attorney for Plaintiff

**BASS, BERRY & SIMS, PLC**

  s / Michael S. Moschel
**MICHAEL S. MOSCHEL**

150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6297

Attorney for Defendant

6