IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHRISTINA P. HOOD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CASE NO. 3:10-cv-00355 |
| | ) | JUDGE NIXON |
| v. | ) | MAGISTRATE JUDGE GRIFFIN |
| | ) | |
| FIBERWEB, INC. | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## AGREED ORDER PROTECTING THE CONFIDENTIALITY OF CERTAIN DOCUMENTS

During the course of discovery, Plaintiff Christina Hood ("Plaintiff" or "Hood") has requested from Defendant Fiberweb, Inc. ("Defendant" or "Fiberweb") certain documents which Fiberweb considers to be confidential and proprietary, including but not limited to certain documents concerning business policies and personnel information related to employees other than Plaintiff. Pursuant to Fed. R. Civ. P. 26(c), the parties have agreed, subject to the Court's approval, to the following Order Protecting the Confidentiality of Certain Documents.

It appearing to the Court that there is good cause to issue this Order, IT IS HEREBY ORDERED that:

1. For the purpose of this Protective Order (the "Order"), "CONFIDENTIAL INFORMATION" shall mean documents and information in whatever form which contain or constitute trade secrets or other confidential, proprietary, or financial information of any party. Additionally, all summaries, notes, extracts, compilations or any other direct or indirect reproduction from or of any protected material shall be entitled to protection under this Order. Documents containing CONFIDENTIAL INFORMATION shall be designated CONFIDENTIAL by the producing party by stamping or writing the legend:

"CONFIDENTIAL" or "NOTICE: DO NOT DISCLOSE" or words to this effect, on the face of each such document or page of the document or, alternatively, on the portion of the document containing the CONFIDENTIAL INFORMATION. Any document so designated shall be handled in accordance with this Order.

2. In the case of electronically stored information, the producing party shall affix the legend "CONFIDENTIAL" or words to this effect, (a) on the label of any media; (b) to all pages for information being produced as "tiff" images; or (c) in a coding field entitled "CONFIDENTIAL" for information being produced in "native" format.

3. In the case of depositions or other testimony, the producing party shall designate such testimony by (a) a statement on the record, by counsel, that certain information or testimony is "CONFIDENTIAL" or subject to the provisions of this Order, or (b) written notice, sent by counsel to all parties within fifteen (15) business days of the receipt of the transcript, if the entire deposition transcript or testimony, or part thereof, is so designated. All depositions and other testimony automatically shall be deemed to be CONFIDENTIAL INFORMATION until the expiration of the fifteenth business day after counsel receives a copy of the transcript thereof. The parties may modify this procedure for any particular deposition through an agreement on the record at such deposition without further order of the Court.

4. CONFIDENTIAL INFORMATION, whether in the form of documents or otherwise, shall be used solely for the prosecution and defense of this litigation and shall be disclosed only to the following for such purposes:

(a) The Court in this action or the court hearing an appeal from a judgment or order rendered by the Court in this action;

(b) Counsel of record for the parties in this action and associates, secretaries, and paralegals actively engaged in assisting counsel of record;

2

(c) The parties, but solely for the purpose of assisting counsel;

(d) Outside consultants and expert witnesses employed or retained by the parties or their counsel, who have access to CONFIDENTIAL INFORMATION solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation, provided that to the extent that any party seeks to disclose CONFIDENTIAL INFORMATION to any outside consultant or expert witness, such party shall give five business days written notice to the producing party of intention to disclose CONFIDENTIAL INFORMATION. During such notice period, the producing party may move to prevent or limit disclosure for cause, in which case no disclosure shall be made until this Court rules on the Motion. The burden shall be on the requesting party to establish grounds for permitting disclosure of confidential information.

5. Prior to disclosure to any outside consultant or expert witness employed or retained by a requesting party, of matters made CONFIDENTIAL by this Order, counsel shall provide a copy of this Order to such outside consultant or expert witness, who shall sign an declaration or affidavit verifying that he or she understands and agrees to be bound by the terms of this Order, that he or she understands that unauthorized disclosure of the documents designated CONFIDENTIAL as provided in this Order or other CONFIDENTIAL INFORMATION constitutes contempt of court. Counsel of record for each party shall keep the declarations or affidavits executed by that party's experts or consultants on file at their respective offices.

6. If any party subject to this Order inadvertently fails to designate documents as CONFIDENTIAL in accordance with the provisions of this Order when producing such documents, such failure shall not constitute a waiver of the confidentiality protections set forth, respectively, in this Order. The entity who has produced a document shall notify the recipient of

the document in writing of such inadvertent failure to designate the document as CONFIDENTIAL and subject to this Order. At that time, the recipient will immediately treat the subject document as CONFIDENTIAL as though it had been formally designated as such under this Order. An inadvertent failure to designate a document as subject to this Order shall not, in any way, affect the Court's determination as to whether the document is entitled to confidential status.

7. Any papers filed with this Court that contain, quote, paraphrase, compile, or otherwise disclose documents covered by the terms of this Order, or any information contained therein, shall be redacted to shield any CONFIDENTIAL INFORMATION from public disclosure, or shall be filed under seal pursuant to Fed. R. Civ. P. 5.2 and another applicable Local Rules of this Court.

8. Documents, information, and deposition testimony designated as CONFIDENTIAL may be disclosed in testimony at the trial of this action, offered into evidence at the trial of this action, or used in any hearing relating to this action, subject to the Federal Rules of Evidence and to such future orders as the court having jurisdiction over this action may enter.

9. Any party may contest the designation of any documents, information, or deposition testimony as CONFIDENTIAL by applying to this Court for a ruling that the documents, information, or deposition testimony should not be so treated. All documents, information, and deposition testimony designated as CONFIDENTIAL, however, shall be maintained as such until the Court orders otherwise.

10. Nothing in this order shall prevent any party from asserting any objection to discovery other than an objection based upon grounds of confidentiality.

11. Upon request by the disclosing party, within reasonable time after the conclusion of this litigation, the receiving party shall return to counsel for the producing party, all documents and information designated CONFIDENTIAL within 15 days of the request. In the alternative, counsel may destroy any portion of and/or all confidential information and records, but only after securing consent from counsel for the adverse party and thereafter providing a written account of the measures taken to destroy the documents in a manner that protected their confidential nature prior to destruction.

14. After termination of this litigation, the provisions of this Order relating to the secrecy and confidential nature of CONFIDENTIAL documents, information, and deposition testimony shall continue to be binding upon all parties herein and their officers, employers, employees, agents, and/or others unless this Order is vacated or modified.

15. Nothing herein shall prevent entry by this Court of a subsequent order, upon an appropriate showing, requiring that any documents, information, or deposition testimony designated as CONFIDENTIAL shall receive protection other than that provided herein.

SO ORDERED, this \_\_\_\_\_ day of October, 2010.

_____

5

APPROVED FOR ENTRY:

**BASS, BERRY & SIMS PLC**

By:/s/ Michael S. Moschel
    Michael S. Moschel (TN BPR #016826)
    Justin A. Page (TN BPR #23815)
    150 Third Avenue South, Suite 2800
    Nashville, Tennessee 37201
    (615) 742-6200

    *Attorneys for Defendant, Fiberweb, Inc.*

**COOPER LAW FIRM**

By:/s/ David Lee Cooper (with permission)
    David Lee Cooper (TN BPR # 011445)
    Third Avenue North Building
    208 Third Avenue, North, Suite 300
    Nashville, TN 37201
    (615) 256-1008

    *Attorneys for Plaintiff*

6

8862804.2