IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA P. HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-00355 |
| | ) | |
| v. | ) | **Judge Nixon** |
| | ) | **Magistrate Judge Griffin** |
| FIBERWEB, INC., | ) | |
| | ) | **Jury Demand** |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER AND FOR EXPEDITED HEARING

Pursuant to Federal Rules of Civil Procedure 45(c)(3) and 26(c)(1)(A), Plaintiff Christina P. Hood has moved the Court for an order quashing four (4) non-party subpoenas *duces tecum* attached to her motion and issued by Defendant on October 5, 2010 to Plaintiff's current employer and previous employers. Additionally, Plaintiff has also moved for a protective order requiring Defendant to notify the recipients of the subpoenas that they should not produce any documents until further notice and, if Defendant has already received any documents pursuant to the subpoenas, it should not inspect them until the Court has ruled on this motion.

Plaintiff has further moved for an expedited hearing on the motion as it raises time sensitive issues since Defendant has already served the subpoenas without providing Plaintiff's counsel any advance written notice as is required by Rule 45(b).

### INTRODUCTION

Plaintiff originally filed this action in the Davidson County Chancery Court on April 29, 2009 alleging wrongful termination by the Defendant based on her compliance with a lawful court subpoena. On March 11, 2010, Plaintiff amended her Complaint to allege a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"). After the

Complaint was amended to allege a violation of the ADA, Defendant filed a notice of removal on April 8, 2010 to this Court.

Plaintiff worked for Defendant for approximately 11 months before Defendant discharged her on August 25, 2008, allegedly because she accumulated in excess of eight (8) points under its attendance policy. Plaintiff disputes that, and contends some of points were illegally assigned by the Defendant based on a serious medical condition that qualifies as a disability under the ADA and/or, that she complied with a lawful court subpoena issued by the Davidson County General Sessions Court.

The parties have exchanged certain written discovery. Plaintiff has been deposed by the Defendant. Plaintiff has produced W-2 income tax information to Defendant as it relates to her claims for damages, along with certain medical records. To Plaintiff's knowledge she has not refused to provide Defendant with any information that may be discoverable to her claims or any defenses in this matter. Defendant has no valid reason for seeking the breadth of information it has requested from Plaintiff's current employer, or previous employers to simply "see what may be out there" about Plaintiff.

Nonetheless, on October 5, 2010, and without providing any advance written notice to Plaintiff's counsel, Defendant issued four (4) broad subpoenas *duces tecum* to Plaintiff's current employer (ACS Sprint Call Center) and three other previous employers (Elite Manufacturing; Marathon Kwik Sak; and Apartment Services Investigations). (Collective Ex. 1 to Plaintiff's Motion). In the subpoenas, Defendant commands the non-party entities to produce the following information about Plaintiff:

> Any and all employment records, applications, performance evaluations, employment contracts, salary/wage/bonus history, payroll information, IRS filings, job descriptions, & **any other records maintained by your facility**

2

>    **relating to Christina P. Hood's employment** with ....   Ms. Hood's SSN: [redacted here by Plaintiff] & DOB: xx/xx/ 1965].  (Emphasis supplied).

(<u>Subpoena</u>, Collective Ex. 1 to Plaintiff's motion).

The subpoenas request production of the documents at **Bass, Berry & Sims, PLC on October 14, 2010 at 10:00 a.m.**, but also include a cover letter directing the recipient to supply the information by an attached affidavit prior to that date.  (Ex. 1 to Plaintiff's motion).  The subpoenas have no limit to the information demanded, as long as it relates or refers to Plaintiff, and includes anything in any file relating to her.  Thus, Defendant's subpoenas broadly seek information that is not relevant to the claims and defenses in this action.  The subpoenas are overbroad, unduly burdensome, unnecessary, not reasonably calculated to lead to the discovery of admissible evidence, and seek personal information about her that is unrelated to this action.  Accordingly, the Court should quash the subpoenas and/or issue the protective order that Plaintiff has requested.

## ARGUMENT

**I.     Defendant Failed to Comply with Rule 45(b)(1).**

As an initial matter, the Court should quash the subpoenas because Defendant Fiberweb did not comply with Rule 45(b)(1) and provide the required written notice to Plaintiff's counsel prior to serving its subpoenas.  The rule provides, in pertinent part, that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . *then before it is served*, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1) (emphasis added).  Here, Defendant failed to provide Plaintiff's counsel written notice that it was going to serve the subpoenas at issue "before [they were] served."  Plaintiff's counsel was first advised of the subpoenas when he received copies by regular mail on October 6, 2010.

3

Since the Defendant did not comply with the procedure set forth in Rule 45(b)(1), the Court should summarily quash the subpoenas on this ground alone, and direct Defendant to notify the recipients of the subpoenas not to respond until further notice.

## II. Defendant's Subpoenas Are Overbroad, Seek Irrelevant Information, Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence, and Are Merely Designed to Harass or Embarrass the Plaintiff.

The scope of discovery under Rules 26 and 45 is the same. See, Barrington v. Mortgage IT, Inc., 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007) and authority cited therein; Adv. Comm. Note to 1970 Am. Rule 45(d)(1); 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2459 (2d ed. 1995). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Rule 26© authorizes the Court to limit discovery upon motion and for good cause shown to protect a party from annoyance, embarrassment or oppression, among other things. The rule provides, in pertinent part:

> Upon motion by a party . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

4

>       (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>       (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Fed. R. Civ. P. 26©.

Thus, the Court may direct a party to refrain from issuing discovery or quash a pending subpoena where the subpoena seeks information that is not relevant, is not likely to lead to the discovery of admissible evidence, or would cause a person annoyance, embarrassment, oppression or undue burden. The Court may also direct other methods of obtaining the information sought where it is within the permissible scope of discovery. See, Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir. 1998) (approving of balance struck between a party's "right to discovery with the need to prevent 'fishing expeditions.'"); Blum v. Schlegel, 150 F.R.D. 38, 39 (W.D.N.Y. 1993) ("even though the standard for relevancy for discovery purposes is a liberal one, . . . the parties should not be permitted to roam in the shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so.").

Here, the information requested by Defendant is overbroad, not relevant, and will not lead to the discovery of admissible evidence on the claims or defenses asserted. Defendant's subpoenas are unnecessary, violate Plaintiff's privacy interests, and are harassing in nature. The subpoenas are likely to subject Plaintiff to embarrassment, annoyance, and undue burden, especially as to Plaintiff's current employment.

Defendant's subpoenas are harassing toward Plaintiff in that they seek irrelevant and personal or private information, as well as alert third parties to her action of enforcing statutory and civil rights, and may interfere with her current employment. Courts have recognized the potential negative impact subpoenas like those issued by Defendant can cause:

5

> Defense counsel served the subpoena in spite of being apprised of the Court's concerns about the nature of legal claims becoming known to a person's current employer and the effects of that information on a person's current and future employment prospects. . . . **By issuing a subpoena, defense counsel caused plaintiff to worry about her continued employment relationship, in a manner amounting to harassment, because of the direct negative effect that disclosure of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort.** (Emphasis supplied).

Conrod v. Bank of New York, 1998 U.S. Dist. LEXIS 11634 (S.D. N.Y. July 28, 1998);

Gambale v. Deutsche Bank AG, 2003 U.S. Dist. LEXIS 27412 (S.D.N.Y. Jan. 8, 2003).[1]

Defendant's subpoenas constitute a "fishing expedition" designed to uncover any and all information about Plaintiff that it may potentially use against her. See, Perry v. Best Lock Corp., 1999 WL 33494858, *3 (S.D. Ind. 1999) ("the subpoenas look like nothing more than a fishing expedition, or, more accurately, an exercise in swamp-dredging and muck-raking."). Plaintiff's current employment performance at her new job, and any discipline, absences, and the other information requested by Defendant is irrelevant to her claims or her damages in this case. Thus, the records sought by the subpoenas are overbroad and not relevant. See, Maxwell v. Health Ctr. Of Lake City, Inc., 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. June 6, 2006) (motion for protective order was granted as to employer wage records because records not relevant). Plaintiff's subsequent employment records would only relate to the issue of damages, and to Plaintiff's knowledge she has provided Defendant with all of her post-employment income information. All other records sought by Defendant in its subpoenas are not relevant and not likely to lead to the discovery of admissible evidence.

---

[1] Courts further recognize as actionable retaliation a former employer's act of informing subsequent or prospective employers of a plaintiff's pending discrimination claim. Veprinsky v. Fluor Daniel, Inc., 87 F.3d 881, 894 (7th Cir. 1996) (recognizing retaliation cause of action for defendant's act of informing plaintiff's prospective employer of a pending discrimination claim).

6

Courts disapprove of defendants using discovery to obtain information that would permit them to raise defenses not previously asserted or bolster alleged defenses for which there is no factual basis. In McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, the Supreme Court acknowledged concerns that an employer may undertake extensive discovery into an employee's background to resist employment claims, and that a trial court has authority to deter any possible discovery abuses. Id. at 360-63. In Maxwell v. Health Ctr. of Lake City, Inc., 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. June 6, 2006), the district court rejected the defendant's attempt to conjure up after-acquired evidence through discovery of employment records:

> Defendant argues that Plaintiff's personnel files may provide information relevant to its after-acquired evidence defense. . . . While the Supreme Court has recognized that the after-acquired evidence defense can be used in certain instances to limit damages and remedies available, it also cautioned that employers should not, as a routine matter, undertake extensive discovery into an employee's background or performance to resist claims. . . . In fact, various courts have applied the *McKennon* reasoning to hold that although the after-acquired evidence doctrine can be used to limit an employee's remedies based on evidence found during discovery, it should not be used to independently initiate discovery. *See e.g.*, *Premer v. Corestaff Services, L.P.,* 232 F.R.D. 692, 693 (M.D. Fla. 2005) (explaining that "although the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an independent basis to initiate discovery"). **Rather, Defendant must have some pre-existing basis to believe that after-acquired evidence exists before it can take on additional discovery.** *See Preston v. American Express Travel Related Servs. Co., Inc.*, Case No. 3:OOcv312-J-25TJC (2001) . . . **The Court finds that Defendant has failed to assert any pre-existing basis for the belief that after-acquired evidence of Plaintiff's wrongdoing exists. As such, [defendant] cannot use this doctrine to initiate discovery that is otherwise not relevant.**

Id. at *13-14 (emphasis added).

Similarly, in Rivera v. NIBCO, Inc., 364 F.3d 1057 (9th Cir. 2004), the Ninth Circuit rejected defendant's attempt to take depositions of others simply to search for evidence to establish an alleged after-acquired evidence defense:

> District courts need not condone the use of discovery to engage in "fishing expeditions." *See, e.g., Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40

7

> F.3d 1474, 1487 (5th Cir. 1995). Accordingly, *McKennon* authorizes district courts to invoke the Federal Rules of Civil Procedure when necessary to prevent employers from using the discovery process to engage in wholesale searches for evidence that might serve to limit its damages for its wrongful conduct. The magistrate judge straightforwardly applied these principles in fashioning the protective order. Given the substantial risk of chilling the plaintiffs' rights, and the fact that all parties had already stipulated that the plaintiffs are members of a protected class under Title VII, the district court appropriately used Rule 26© to preclude discovery that might otherwise have allowed the employer to evade liability under Title VII. . . .
>
> Moreover, we note that before an employer may use "after-acquired evidence," it must meet its burden of showing that, had it been aware of that evidence, it would have forthwith discharged the employee. *See O'Day*, 79 F.3d at 758-59. . . .
>
> Yet district courts have the discretion to structure depositions and interrogatories in ways that balance the defendant's need to obtain evidence of possible misconduct relevant only to remedies with the burdens the plaintiffs would face if such discovery took place before trial. Here, the balance the court struck was well within its discretion.

Id. at 1072.

The Court should not allow Defendant Fiberweb to use discovery to create a defense for which it has no factual basis to support. Further, information or statements contained in previous or subsequent employment files of Plaintiff would not directly relate to any claim in this case. Any such information would be collateral and should not be admitted even for impeachment purposes. Otherwise, every statement that a party makes at any time could be the subject of discovery and used at trial for impeachment.

In this case, and without knowing precisely what the Defendant is searching for, it is believed they seek information as to Plaintiff's credibility and that she was disciplined for misconduct while working for one of the other employers. It is highly doubtful the information would ever be admissible at trial, and to allow the issuance of subpoenas for the suspected information without any showing by the Defendant of a need or relevancy violates Rule 26, and is burdensome, oppressive, and designed to embarrass the Plaintiff.

8

In Chamberlain v. Farmington Savings Bank, 2007 U.S. Dist. LEXIS 70376 (D. Conn. Sept. 25, 2007), the court rejected the defendant's justification for this type of inquiry:

> The defendant also claims that information contained in the plaintiff's prior employment records is relevant to his credibility as a witness. The defendant maintains that the records are discoverable in order to determine whether the plaintiff has been truthful about his performance history and his reasons for leaving his former positions. (D's Mem. Opp. at 5). As above, the defendant has not alleged any reason to believe that the plaintiff has misrepresented information during the course of this litigation with regard to his previous employment to substantiate such a broad search of his employment records on this ground.

Id. at *8-9; Badr v. Liberty Mutual Group, Inc., 2007 U.S. Dist. LEXIS 73437 (D. Conn. Sept. 28, 2007) (quashing subpoena to former employer requesting "any and all" records relating to plaintiff and recognizing employee/plaintiff's privacy interest in same); see also Franzon v. Massena Mem. Hosp., 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding that defendant's discovery request for "any and all documents" without limitation overbroad); Richmond v. UPS Service Parts Logistics, 2002 U.S. Dist. LEXIS 7496, 2002 WL 745588 (S.D. Ind. Apr. 25, 2002) (holding discovery request for plaintiff's entire personnel file overly broad on its face and does not comply with standard set forth in Rule 26); Barrington v. Mortgage IT, Inc., 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007) (granting motion to quash subpoenas to plaintiff's former employers and recognizing privacy interests because such records contain highly personal and confidential information); Knoll v. Amer. Telephone & Telegraph Co., 176 F.3d 359 (6th Cir. 1999) (personnel files confidential and private by nature); Miller v. Federal Express Corp., 186 F.R.D. 376, 384 (W.D. Tenn. 1999) (court orders production of personnel files only upon compelling showing of relevance by requesting party); Onwuka v. Fed. Ex. Corp., 178 F.R.D. 508 (D. Minn. 1997) (same).

Should the Court determine that any portion of the records sought by Defendant in its overbroad subpoenas is discoverable, less intrusive means are available to obtain it. In the

9

alternative, and if the Court allows the subpoenas *duces tecum*, Plaintiff requests the Court inspect the documents *in camera* to determine whether the documents are discoverable under Rule 26, and before the records are disclosed to the Defendant.

Accordingly, Plaintiff requests that the Court quash Defendant's subpoenas and/or issue a protective order.

## CONCLUSION

The Court should grant Plaintiff's motion to quash and/or for a protective order to prohibit Defendant from using over broad subpoenas to Plaintiff's current and previous employers to obtain questionable information in an unnecessary fashion. The information sought is not relevant to the claims or defenses asserted, will not lead to the discovery of admissible evidence, and imposes upon Plaintiff undue annoyance, embarrassment, and harassment. Even if the information sought were relevant, Defendant may obtain it or its equivalent through less intrusive means. At a minimum, Defendant should demonstrate sufficient need and legal basis for requesting the information.

Accordingly, Plaintiff respectfully requests that the Court enter an order quashing the four (4) subpoenas attached to her motion and issued by Defendant, and/or a protective order requiring Defendant to advise the recipients of the subpoenas that no documents should be produced until further notice, and if Defendant has already received such documents, it should not inspect them until the Court rules on this motion.

10

THE LAW OFFICE OF DAVID L. COOPER, P.C.

s/David L. Cooper
**DAVID L. COOPER, (BPR No. 11445)**
208 Third Avenue, North
Suite 300
Nashville, Tennessee 37201
(615) 256-1008

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I electronically filed and served this **Memorandum in support of Motion to Quash and/or for Protective Order** using the Court's CM/ECF system upon Michael S. Moschel, Esq., Bass, Berry & Sims, PLC, 150 Third Ave., South, Suite 2800, Nashville, Tennessee 37201, on this 11th day of October, 2010.

s/David L. Cooper
**DAVID L. COOPER**

11