IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA P. HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:10-cv-00355 |
| | ) | JUDGE NIXON |
| v. | ) | MAGISTRATE JUDGE GRIFFIN |
| | ) | |
| FIBERWEB, INC. | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH
SUBPOENA AND/OR FOR A PROTECTIVE ORDER**

Plaintiff's motion should be denied because: (1) Plaintiff has failed to comply with Local Rule 37.01 since counsel for Plaintiff did not confer with counsel for Defendant to attempt to resolve this discovery dispute prior to filing the instant motion; (2) Defendant has complied with the notice requirements of F.R.C.P. 45(b); and (3) the subpoenas at issue seek evidence directly relevant to the issues in this lawsuit or they are reasonably calculated to lead to the discovery of admissible evidence.

A.   **Background**

Defendant, Fiberweb, Inc. ("Fiberweb" or "Defendant") employed Plaintiff less than one year. On August 27, 2008, Fiberweb terminated Plaintiff's employment for violating Fiberweb's no fault attendance policy. Plaintiff alleges that her discharge was in violation of the public policy of the State of Tennessee because she claims she received attendance points for an absence on August 22, 2008 when she was allegedly honoring a lawful subpoena in the General Sessions Court of Davidson County. Plaintiff also alleges a violation of the ADA on the grounds that at least one of the absences counted against her was occasioned by a protected disability.

Because Defendant has reason to believe, as discussed more fully below, that Plaintiff lied about the time she was released from general sessions court on August 22, 2008, Defendant pled the affirmative defense of unclean hands, and Plaintiff's truthfulness and credibility are directly at issue in this lawsuit.

In a telephone conversation on August 26, 2010, two days after Plaintiff's discovery deposition, defense counsel informed Plaintiff's counsel that based on Plaintiff's deposition responses he planned to subpoena records from ACS Sprint Call Center ("Sprint"), Plaintiff's current employer, as well as her former employers. (See Pl. Motion at 1, fn 1). On October 5, 2010, counsel for Defendant sent routine third party discovery subpoenas to three of Plaintiff's former employers and her current employer. Counsel for Plaintiff was simultaneously sent copies of the third party subpoenas. On October 11, 2010, Plaintiff filed the instant motion. Counsel for Plaintiff did not contact counsel for Defendant in an effort to resolve this dispute prior to filing the motion.

On October 13, 2010, counsel for Defendant contacted Plaintiff's counsel by telephone to discuss Plaintiff's concerns with the subpoenas at issue. Defense counsel agreed that he would be willing to narrow his request to documents concerning Plaintiff's discipline and termination and documents concerning Plaintiff's compensation from Sprint. Counsel for Plaintiff agreed that Defendant is entitled to receive payroll records from Plaintiff's current employer, Sprint, as they are relevant to mitigation of damages, but he did not agree that Defendant is entitled to discover disciplinary or termination documents. Thus, the issue before the Court is whether Plaintiff has shown grounds to preclude Defendant's discovery of records from Plaintiff's former and subsequent employers concerning discipline and termination.

Since the filing of this Motion, defense counsel has received two of the subpoenas sent to prior employers with a "return to sender" notion, indicating that they were never received or

opened by the intended recipient due to an incorrect address. Defense counsel has received notice from a third recipient (Kwik Sak) that it has no responsive documents. Sprint has yet to respond to the subpoena. As such, counsel for Defendant has not received or reviewed any documents in response to any of the subpoenas at issue in this Motion.

> **B.  The Motion Should be Denied Because Plaintiff has Failed to Comply with Local Rule 37.01**

Plaintiff's motion to quash should be denied based on her failure to comply with the requirements of Local Rule 37.01. The Rule states in relevant part that "[p]rior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute . . . [which] shall be attached to any discovery motion." L.R. 37.01(a). The Rule further states that "[c]ounsel for a party moving to . . . quash a subpoena, or for a protective order, shall file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so." L.R. 37.01(b)(3). Most importantly, "[n]o such motion shall be considered by the Court absent compliance with this Rule." Id.; Scepter, Inc. v. Alcan Rolled Products-Ravenswood, LLC, 2009 U.S. Dist. LEXIS 116664, at *4-5 (M.D. Tenn. 2009) (copy attached) (denying the plaintiff's motion to quash based on plaintiff's failure to comply with Local Rules 37.01(a) and (b)(3)).

Here, Plaintiff's counsel failed to confer with Defendant's counsel regarding the subpoenas before filing the instant motion. Based on the clear language of Local Rule 37.01(b)(3), and the precedent of this Court, Plaintiff's failure to confer with Defendant is, by itself, grounds for denial of Plaintiff's Motion to Quash. See Scepter, 2009 U.S. Dist. LEXIS 116664 at *4-5.

### C. Defendant Has Complied with Rule 45(b)

"The purpose of such notice [under Rule 45(b)] is to afford other parties an opportunity to object to the production or inspection, or serve a demand for additional documents or things" because "when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced." McClendon v. TelOhio Credit Union, Inc., 2006 U.S. Dist. LEXIS 57222, at *2 (S.D. Ohio 2006) (copy attached) (quoting Advisory Committee notes to the 1997 amendments to Rule 45). "Ordinarily, if the subpoenas are promptly served on opposing counsel the same day they are issued or served on the non-parties, and if the subpoenas also permit a reasonable time for response (presumptively 14 days), there will be no problem because the fourteen days will also give opposing parties ample opportunity to register their objections or otherwise participate in the process." Id., at *5-6. Thus, although there is conflicting authority, the general rule is that, "at a minimum, the prior notice requirement mandates notice to the opposing parties at least simultaneously with the issuance of the subpoenas." Shell v. Hilliard, 2007 U.S. Dist. LEXIS 10830, at *12 (E.D. Tenn. 2007) (copy attached) (emphasis added).

Here, Plaintiff received oral notice well in advance of the subpoenas being issued and received written notice "at least simultaneously with the issuance of the subpoenas." Thus, Defendant has complied with the minimum standard of Rule 45, and Plaintiff cannot claim that she failed to receive adequate notice or was otherwise prejudiced by the manner in which the subpoenas were served. This is further evidenced by the fact that Plaintiff filed the instant motion and mailed letters to each of the subpoena recipients in advance of the response date designated in the subpoenas.

4

Because Defendant has complied with the notice provisions of Rule 45(b) and since Plaintiff has not been prejudiced by receiving simultaneous notice, Plaintiff's motion should be denied.

### D. The Subpoenas Seek Relevant Information and Information Reasonably Calculated to Lead to the Discovery of Admissible Evidence

The scope of discovery under Rule 26 and Rule 45 is broad. Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here, Defendant's subpoenas seek relevant information and are reasonably calculated to lead to the discovery of admissible evidence. As previously stated, Defendant has agreed to limit the scope of its subpoenas to cover only disciplinary and termination documentation related to Plaintiff, as well as wages paid to Plaintiff by her current employer.[1] The disciplinary and termination records are relevant for impeachment purposes and are relevant to the unclean hands defense.

It is well established that evidence of impeachment is admissible, and therefore, must be discoverable. Pointer v. DART, 417 F.3d 819, 822 (8th Cir. 2005)(ruling that the district court abused its discretion in denying plaintiff's motion to enforce his subpoenas where the testimony sought in the subpoenas was relevant for impeachment purposes); see also Mee v. City of Los

---

[1] It is undisputed that documentation related to income earned by Plaintiff from her current employer is relevant and discoverable.

Angeles, 1996 U.S. App. LEXIS 28486, at *4 (9th Cir. 1996) (copy attached) (ruling that parts of a report which were relevant for impeachment purposes were admissible). In fact, Plaintiff's own memorandum cites to cases supporting the notion that evidence regarding a witness' truthfulness may be discoverable. See Badr v. Liberty Mutual Group, Inc., 2007 U.S. Dist. LEXIS 73437, at *7 (D. Conn. 2007) (copy attached). In Badr, the defendant argued that the plaintiff had lied under oath when she stated that she had not filed a claim against her former employer. Id. at *5. The defendant sought to subpoena records from the former employer, arguing that such information was relevant to plaintiff's credibility. Id. at *6. The court agreed that plaintiff's potential untruthfulness in her deposition about prior claims may be relevant to whether her current allegations should be believed, and accordingly permitted the defendant to subpoena records concerning claims that the plaintiff may have filed against the former employer. Id. at *6-7.

Here, Defendant is entitled to discover whether Plaintiff has been discharged or disciplined by her prior or current employers. In her discovery deposition, Plaintiff testified that other than her discharge from Fiberweb, she had only been terminated from Direct General and she quit the rest of her other jobs.[2] (Plaintiff at 21). However, later in her deposition, Plaintiff contradicted herself by admitting that she had been asked to leave employment at AllStar Staffing, one her subsequent employers to Fiberweb. (Plaintiff at 27-29).[3]

Plaintiff's credibility is a critical issue in dispute in the lawsuit. Specifically, Plaintiff was a second shift employee who worked from 4:00 p.m. until midnight at Fiberweb. She has alleged she should have been excused from work on August 22, 2008 because she had to honor a general sessions court subpoena. Plaintiff has alleged under oath that she was not released from

---

[2] Plaintiff also testified that she received no discipline from Sprint. (Plaintiff at 30-31).

[3] Despite her admission, Plaintiff continued to deny that she was actually fired.
6


court and did not get home until 6:30 p.m. (Plaintiff at 122-124, 134). However, records from the General Sessions Court on August 22, 2008 show that her sons' criminal case was rescheduled and that the order rescheduling the case was entered at 2:39 p.m.[4] (Plaintiff at 126-127, Ex. 18).

Moreover, the alleged subpoenas which Plaintiff produced in discovery in this matter and entered into evidence at her unemployment hearing differ in material respects from the subpoena Plaintiff provided to Fiberweb. (Plaintiff Exs. 16 and 17). When questioned about the discrepancy, Plaintiff admitted that she did not produce a copy of the original subpoenas in discovery or at her unemployment hearing. Rather, she asked her sons' probation officer to recreate the subpoenas (because she had not kept a copy) three months after the August 22, 2008 date. (Plaintiff at 110-117).

Thus, even if the Court were to adopt the heightened discovery standard proposed by Plaintiff and require a showing of some "preexisting basis" of fact to believe that the subpoenas will result in the discovery of admissible evidence, Plaintiff's conduct in the course of this lawsuit establishes such a preexisting basis. Consequently, it is not reasonable to require Defendant to rely solely on Plaintiff's own testimony, and Defendant should be permitted to test Plaintiff's representations through discovery from independent sources.

Finally, other than her own bald assertion, Plaintiff has offered no evidence that the subpoenas at issue were served with the intent to invade her privacy or otherwise harass her. Plaintiff's claims in this lawsuit are a matter of public record, and Defendant is permitted to seek potentially admissible evidence in defending such claims.

---

[4] Defendant has a good faith reason to believe that the Court concluded earlier than 2:39 p.m. on August 22, 2008, and that 2:39 p.m. is simply the time the order was entered into the general sessions computer system after all matters had concluded.

For the foregoing reasons, Plaintiff's motion is not well taken and should be denied.

DATED this 14th day of October, 2010.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

By: /s/ Michael S. Moschel
Michael S. Moschel (TN BPR #016826)
Justin A. Page (TN BPR #23815)
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
*Attorneys for Defendant, Fiberweb, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October 2010, a copy of the foregoing Defendant's Response to Plaintiff's Motion to Quash Subpoena and/or for a Protective Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

David L. Cooper
208 Third Avenue, North
Suite 300
Nashville, Tennessee 37201
*Attorney for Plaintiff*

All other parties will be served by regular U.S. mail and via e-mail. Parties may access this filing through the Court's electronic filing system.

/s/ Michael Moschel
Michael S. Moschel

8912378.2