IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA P. HOOD | ) | |
| | ) | No. 3-10-0355 |
| v. | ) | |
| | ) | |
| FIBERWEB, INC. | ) | |

O R D E R

On request of the Court, counsel for the parties called the Court on October 14, 2010, at which time the plaintiff's motion to quash and/or for a protective order (Docket Entry No. 14) was GRANTED in part, DENIED in part, and rendered MOOT in part.

The plaintiff contends that the defendant failed to comply with Rule 45(b)(1) of the Federal Rules of Civil Procedure by serving the subpoenas prior to providing notice to the plaintiff. It appears, however, that the defendant served, i.e., mailed a copy of the subpoena, to plaintiff's counsel, at least simultaneously with the service of the subpoenas. Although Rule 45(b)(1) does not provide a time frame for advance notice, the Advisory Committee Comments note that one purpose of the Rule is to "afford other parties an opportunity to object." However, it may be that simultaneous service is sufficient if the subpoenas provide a reasonable time period for the non-party to respond to subpoena. See McClendon v. TelOhio Credit Union, Inc., 2006 WL 2380601 (S.D. Ohio Aug. 14, 2006).[1] Under the circumstances and based on the fact that the defendant will re-issue the subpoena to the plaintiff's current employer, it is not necessary to wade into the question of whether the subpoenas were timely served on plaintiff's counsel.

The defendant points out that the plaintiff did not comply with Local Rule 37.01(a) since she did not file contemporaneously with the motion to quash a joint discovery statement and did not

---

[1] In McClendon, the Court noted "in passing" that Rule 45(b)(1) does not permit service of a subpoena by certified mail, which is how the subpoenas were served in the instant case, but rather requires personal service.

confer with defendant's counsel prior to filing the motion in accord with Local Rule 37.01(b)(3). See also Rule 37(a)(1) of the Federal Rules of Civil Procedure.

While the defendant is correct, the Court waived the above requirements in an attempt to resolve the issue as expeditiously as possible.

Although the defendant has not raised the issue, as a general rule, a party does not have standing to move to quash a subpoena issued to a third party, absent a claim of privilege. See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2nd Cir. 1975); Mayes v. City of Oak Park, 2007 WL 187941 n.1 (E.D. Mich. Jan. 22, 2007); United States v. Wells, 2006 WL 3203905 (E.D. Mich. Nov. 3, 2006); Hadix v. Caruso, 2006 WL 2865506 (W.D. Mich. Oct. 3, 2006); Estate of Yaron Ungar v. The Palestinian Auth., 400 F. Supp.2d 541, 554 (S.D.N.Y. 2005); Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 21-22 (D.D.C. 2005); Donahoo v. Ohio Dep't of Youth Servs., 211 F.R.D. 303, 306 (N.D. Oh. 2002). Cf. Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (party has limited standing to move to quash subpoena to third party if, inter alia, the party has a "personal right" to the documents or information); In re Ashworth, Inc. Securities Litigation, 2002 WL 33009225 (S.D. Cal. May 10, 2002) (party has standing to move to quash subpoena to third parties when party asserts a proprietary interest in the requested information).

The plaintiff can argue that she has a personal right to the information maintained in her personnel records, entitling her to seek to quash the subpoenas. Regardless, a party may seek a protective order (as opposed to seeking to quash on a non-party) pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. See Mayes, 2007 WL 187941 at *7; Maxwell v. Health Ctr. of Lake City, Inc., 2006 WL 1627020 (M.D. Fla. June 6, 2006); Auto-Owners, 231 F.R.D. at 420-30; Washington, 230 F.R.D. at 21; Fleet Business Credit Corp. v. Hill City Oil Co., Inc., 2002 WL 1483879, *2 (W.D. Tenn. June 26, 2002). Pursuant to Rule 26(c), a party may seek a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden and expense.

As the defendant pointed out in its response (Docket Entry No. 16), the subpoenas sent to two of the plaintiff's prior employers were returned with a "return to sender" notation, and the third former employer has advised that it does not have any documents responsive to the subpoenas. Therefore, the plaintiff's motion is rendered MOOT as to the subpoenas issued for her former employers.

If the defendant is able to locate better addresses for the former employers and intends to re-serve the subpoenas, counsel shall schedule a conference call with the Court before issuing such subpoenas to address the issues raised by the plaintiff in her motion to quash or for a protective order.

The plaintiff agreed that the defendant is entitled to information from the plaintiff's current employer related to payroll records since that information is relevant to mitigation of damages.

However, the defendant argued that it was also entitled to information relating to whether she has received any discipline from her current employer because her credibility is at issue and because the defendant has raised the defense of unclean hands. Specifically, the defendant maintains that the plaintiff's credibility is at issue in three respects: (1) the time she was released from General Sessions Court on August 22, 2008; (2) whether she was terminated from a former employer; and (3) whether she had been disciplined during her current employment. The plaintiff's deposition testimony about whether she had received any discipline during her current employment was admittedly somewhat confusing, but the Court found that it did not provide sufficient support for an inference that the plaintiff was not credible in that testimony. The employment records of her current employer will not provide any information relating to the credibility of her testimony relating to the events of August 22, 2008, or about whether she had previously been fired by a former employer.

Information about discipline by her current employer could relate only to potential impeachment information. While discovery of information that could lead to impeachment may properly be the subject of discovery, the Court finds that such discovery should be limited to those

3

subjects upon which there is some reason to believe that the plaintiff testified untruthfully. Concerns about the plaintiff's credibility on issues relating to the events on August 22, 2008, or the reasons for her separation from prior employment cannot open all doors to discovery of her personnel information in the possession of her current employer on the off chance that the defendant might discover some bit of information that could be used for impeachment purposes, when the discovery is not otherwise relevant to the claims and defenses in this case.

None of the cases cited by the defendant support its position that it is entitled to broad discovery of the plaintiff's current employment records under the circumstances of this case. In Pointer v. DART, 417 F.3d 819 (8th Cir. 2005), the Court found that the District Court had erred in quashing subpoenas issued to third parties, when the discovery sought might have generated information that could be used for impeachment. The distinction between Pointer and the instant case is that the discovery at issue went to matters at the heart of the case, whereas the discovery sought in this case is collateral to the claims and defenses in this case and is sought only to impeach the plaintiff's credibility on a tangential issue. The plaintiff's deposition testimony about discipline she has or has not received during her current employment, while vague and confusing, has no relevance to the claims and defenses in this case.

In Mee v. City of Los Angeles, 100 F.3d 963, 1996 WL 632517 (9th Cir. Oct. 30, 1996), the issue was admissibility of certain documents, not their discovery. In Badr v. Liberty Mut. Group, Inc., 2007 WL 2904210 (D. Conn. Sept. 28, 2007), the Court found that defendant's subpoena issued to the plaintiff's former employer seeking "any and all records relating to" the plaintiff was overbroad and narrowed the subpoena to discovery of prior claims or complaints the plaintiff may have filed against other employees of her former employer when she denied having filed any such claims in her deposition. The defendant asserted that it had a "good faith basis" to believe that her deposition testimony was untruthful and the Court found that her truthfulness about previous claims could be relevant to whether "her current allegations are to be believed." Id. at *6-7.

After discussion, the defendant agreed to modify the subpoena issued to the plaintiff's current employer to include only salary/wage/bonus history and/or other payroll information, and to re-serve the revised subpoena on API.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge