IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTINA P. HOOD )
) No. 3-10-0355
v. )
)
FIBERWEB, INC. )

O R D E R

Counsel for the parties called the Court on March 7, 2011, to request that a settlement conference be scheduled.

As a result, a settlement conference is scheduled on **Wednesday, April 20, 2011, beginning at 9:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

Counsel for the parties shall attend the settlement conference, along with the plaintiff and a representative of the defendant with full settlement authority.[1] For the purposes of this case, full settlement authority means that the representative of the defendant present at the settlement conference shall have full settlement authority up to the last demand made by the plaintiff, that the plaintiff and the representative of the defendant do not need authority from any other individual to enter into any settlement agreement, and that the plaintiff and the representative of the defendant present at the settlement conference shall have total independent authority to enter into any settlement.[2]

---

[1] Defendant's counsel represented that John Hurst, General Counsel for the defendant, would attend the settlement conference and that he had full settlement authority.

[2] The parties are advised that, unless otherwise specifically ordered, failure to be present with full settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

Counsel for each party shall be prepared to present a brief opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference. The parties shall be prepared to devote the entire day to the settlement conference, if necessary.

By **4:00 p.m. on Friday, April 15, 2011,** the parties shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or to Mr. Steve Wilson or Mr. Peter Malanchuk, law clerks to the undersigned, or provide by facsimile transmission (615-736-7070) ex parte, separate settlement conference statements which shall specify their respective settlement positions. If a settlement conference statement is provided by fax, it is not necessary to deliver the original.

1) Each statement is to be furnished only to the Court and not to the other parties. The statements shall not be e-filed or otherwise filed with the Clerk of Court.

2) In their respective statements, counsel for the parties shall make a candid assessment of the strengths and weaknesses of each party's position in the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits, and each client's probable success on the damages sought and/or relief requested by the plaintiff.

    a) Plaintiff's statement shall contain an assessment from the plaintiff's viewpoint of her damages and the strengths and weaknesses of her position.

    b) Defendant's statement shall contain an assessment of the plaintiff's damages, defendant's exposure to those damages, and the respective strengths and weaknesses of defendant's position.

3) Each statement shall include a brief overview of the facts and a summary of the party's view of the law as to their theory of liability or defense.

4) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

5) Each statement shall contain an assessment of the economic cost of proceeding to trial, including attorney fees and expenses that have already been incurred and attorney fees and expenses that will be incurred if this case is not settled.

6) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his client in a settlement of the case and all other terms and conditions of such a settlement, based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

7) The statement shall include the maximum amount the defendant may be willing to pay and the minimum amount the plaintiff may be willing to accept, and any other term upon which each client insists.[3]

8) Each statement shall recount with specificity the settlement discussions between the parties to date.

Counsel has advised the Court of the current demand and offer of both parties. However, the Court encourages the parties to continue settlement discussions prior to the settlement conference if they believe that they would be productive.

Counsel for the parties shall convene a telephone conference call with the Court on **Monday, April 18, 2011, at 3:00 p.m.,** to be initiated by defendant's counsel, to address any matters that the parties and/or the Court may have with regard to the conduct of the settlement conference.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[3] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.